UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ZAR EL JAVON-MARTISE THOMAS BEY, *Authorized Agent for Javon Martise Thomas* | Civil No. 23-335 (JRT/ECW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| BOARD OF TRUSTEES OF THE CARPENTERS AND JOINERS DEFINED CONTRIBUTION PLAN, | |
| Defendant. | |

Zar El Javon-Martise Thomas Bey, P.O. Box 582525, Minneapolis, MN 55458, a *pro se* Plaintiff.

Amanda R. Cefalu and Pamela Hodges Nissen, **REINHART BOERNER VAN DEUREN S.C.**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Defendant.

Plaintiff Zar El Thomas Bey, allegedly acting as an authorized agent for Javon Martize Thomas, claims that Defendant Board of Trustees of the Carpenters and Joiners Defined Contribution Plan (the "Board") fraudulently removed $28,153,256 from a private trust account maintained at a Federal Reserve Bank. The Board has moved to dismiss Bey's claims, arguing that they are preempted by the Employee Retirement Income Security Act of 1974 (ERISA) and Bey failed to state a claim upon which relief can be granted. Bey did not respond to the Board's motion to dismiss. Because Bey failed to

respond to the motion and because his claims are preempted by ERISA, the Court will grant the Board's motion and dismiss the case.

## BACKGROUND

Bey, allegedly acting as an authorized agent for Javon Martise Thomas, initiated this action by serving the Plan's Administrator with a "Notice of Bill in Equity" via the Hennepin County Sheriff's office, intended to be reviewed by the "U.S. Federal Supreme Court of Chancery." (Notice of Removal ¶ 1, Feb. 9, 2023, Docket No. 1.)

Though difficult to follow, the Notice of Bill in Equity suggests that Javon Martise Thomas is a participant in the Carpenters and Joiners Contribution Plan ("the Plan"). (Notice of Removal, Ex. at 2, 8, Feb. 9, 2023, Docket No. 1-1.) Javon Martise Thomas received a copy of the Plan's Summary Annual Report (SAR) on December 25, 2022, which summarized the Plan's assets in 2021. (*Id.* at 8*.*) Bey asserts that the SAR shows that the trust account had $674,998,141 in 2021, and that the Board removed $28,153,256 from the Plan. (*Id.* at 4.) Bey believes that this money was removed from a **private** trust account without Javon Martise Thomas's permission. (*Id.*) Bey appears to raise claims under fraud and breach of contract principles and asks for the $28,153,256 to be returned to Javon Martise Thomas's account. (*Id.* at 4–5.)

The Board removed Bey's action to the Court and then moved to dismiss his claims. (Notice of Removal; Mot. Dismiss, Feb. 13, 2023, Docket No. 3.) The Board provided additional context for Bey's allegations in its motion to dismiss briefing. The Board

confirmed that Javon Martise Thomas is a participant in the Plan and explained that the Plan is a retirement plan for individuals that work in the construction industry. (Mem. Supp. Mot. Dismiss at 1, Feb. 13, 2023, Docket No. 4.) The Plan is governed by ERISA, which requires that all plan participants receive an annual SAR. (*Id.*) Though Bey asserts that the SAR describes a **private** account, the Board explained that the SAR describes the **entire** Plan—not just Javon Martise Thomas's retirement funds. (*Id.* at 4.) Javon Martise Thomas's personal account in the Plan contains $4,822—not $674 million like Bey asserts. (*Id.* at 5; Decl. Cullen Garrity ¶ 5; Feb. 13, 2023, Docket No. 5.) The Board filed a copy of the SAR with the Court. (*See* Decl. Cullen Garrity, Ex. A ("SAR"), Feb. 13, 2023, Docket No. 5-1.) The SAR confirms that the total Plan assets equal $674,998,141. (*Id.*) $28,153,256 correlates to amount of Plan expenses paid in 2021. (*Id.*)

The Board suggests that Bey likely misunderstood the SAR and believed the entire Plan funds to be in Javon Martise Thomas's personal account. (Mem. Supp. Mot. Dismiss at 4.) In any event, the Board argues that Bey's claims are preempted by ERISA. (*Id.* at 8.) Because his claims are unripe and he has not exhausted his administrative remedies, the Board asserts that Bey has failed to state a claim upon which relief can be granted. (*Id.* at 14.) Neither Bey nor Javon Martise Thomas responded to the Board's Motion to Dismiss, and neither has filed any documents or made appearances before the Court.

**DISCUSSION**

**I.     STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing a Rule 12(b)(6) motion to dismiss, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The

Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Materials considered "matters outside the pleading" are "any written or oral evidence in support of or in opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) (citing *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1995)).

## II.     FAILURE TO PROSECUTE

The Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims. *See Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 590–91 (D. Minn. 2014). Bey and Javon Martise Thomas failed to respond to the Board's Motion to Dismiss. Accordingly, the Court must dismiss the action under Rule 12(b)(6). However, for the sake of completeness, the Court will briefly consider the Board's motion on the merits.

## III.     ERISA PREEMPTION

As a precursor, the Court will consider the SAR in its ERISA analysis because it is necessarily embraced by the pleadings. Additionally, it is unclear from Bey's filings exactly what claims he brings. His broad allegations sound in theft, fraud, breach of contract, and

a claim to Plan benefits.[1] Assuming that he has in fact brought any claims, those claims are preempted by ERISA because the SAR indicates the Plan must follow ERISA guidelines. (*See* SAR at 2.)

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to Federal courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). The Supreme Court has explained that the purpose of ERISA "is to provide a uniform regulatory regime over employee benefit plans." *Id.* Accordingly, ERISA contains very expansive preemption provisions, designed to ensure that the administration of employee benefit plans is subject to a single uniform set of regulations. *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 7–12 (1987). ERISA § 514 states that it "shall supersede any and all State laws insofar as they may now or hereafter **relate to** any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added).

---

[1] (*See* Notice of Removal, Ex. at 2 ("You took my property . . . . I possess the superior claim over the trust [] **that was stolen**") (emphasis in original); Ex. at 4 ("With this said the actions takin [sic] by this corporation were fraudulent, misleading, and ill intended."); Ex. at 4 ("JAVON MARTISE THOMAS did not Grant this corporation the ability to remove funds from this trust account at no point was this ever revealed to Mr. Thomas during contract negotiations. For a Contract to be binding all parties involved must be aware of all aspect [sic] of said contractual agreement or ells, [sic] the contract is NON BINDING, [sic] and VOID on its face."); Ex. at 5 ("I Zar El Thomas Bey bring[] this claim before this U. S [sic] Court of Chancery demanding recoupment of principle assets solen as well as all and any principal gains.").)

To the extent that Bey brings state law claims for theft, fraud, and breach of contract, those claims are preempted by ERISA § 514 as the Eighth Circuit has explicitly held that state common law tort and contract actions pertaining to administration of plan benefits are preempted. *See Parkman v. Prudential Ins. Co. of America*, 439 F.3d 767, 771 (8th Cir. 2006). Additionally, any theft, fraud, or breach of contract claims would necessarily relate to the Plan and its assets and are thus preempted. *See e.g., Tower Asphalt, Inc. v. Gordon*, 840 F. Supp. 673, 674 (D. Minn. 1993) (dismissing fraud, breach of contract, and other state common law claims as preempted by ERISA).

To the extent that Bey brings a claim to benefits under the Plan, that claim would also be preempted by ERISA. Civil enforcement under ERISA § 502 is the exclusive means for a participant or a beneficiary of a plan to recover benefits due to them and to enforce their rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). *See also Johnson v. U.S. Bancorp*, 387 F.3d 939, 942 (8th Cir. 2004) ("It is well-established that ERISA's civil enforcement provisions are the exclusive remedies for participants seeking to recover benefits under an ERISA plan."). Because Javon Martize Thomas's claim to benefits under the Plan could have been brought under ERISA's civil enforcement mechanism, it is completely preempted by § 502. *Ibeson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 945–46 (8th Cir. 2014) (citing 29 U.S.C. § 1132(a)(1)(B)).

The Eighth Circuit has suggested that state law claims preempted by ERISA must be dismissed without consideration under Rule 12(b)(6). *E.g., Johnson*, 387 F.3d at 942;

-7-

*Jump v. Speedway LLC*, 23 F. Supp. 3d 1024, 1030 (D. Minn. 2014) (dismissing preempted state law claims with prejudice). The Court will therefore dismiss his claims.

Even if Bey had not failed to prosecute his claims, the claims would be dismissed because he has not satisfied the ERISA exhaustion pleading requirement. Though ERISA itself does not contain an explicit requirement that employees exhaust administrative remedies prior to filing a complaint, the Eighth Circuit has recognized a judicially created exhaustion requirement under ERISA. *Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 70 (8th Cir. 1997). It is well settled in the Eighth Circuit that an ERISA plaintiff must exhaust available administrative remedies prior to initiating a suit in federal court. *See Wert v. Liberty Life Assur. Co. of Boston, Inc.*, 447 F.3d 1060, 1065 (8th Cir. 2006). There are only narrow exceptions to the exhaustion requirement. *Van Natta v. Sara Lee Corp.*, 439 F. Supp. 2d 911, 940 (N.D. Iowa 2006).

There is nothing in Bey's filings that suggest Bey or Javon Martize Thomas have pursued any internal claim procedures as required by ERISA. Accordingly, the Court must dismiss this action. *E.g., id.* (dismissing an ERISA claim because plaintiffs failed to allege exhaustion or any exceptions to the exhaustion requirement in their complaint).

## CONCLUSION

Because Bey failed to prosecute his claims, all potential claims are preempted by ERISA, and Bey failed to plead that the ERISA exhaustion requirement is satisfied, the Court will dismiss this action in its entirety.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Docket No. 3] is **GRANTED**; and

2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 1, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge